Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5646 | **DATE** | 2/9/2001 |
| **CASE TITLE** | Santiago Vila Marques vs. Federal Reserve Bank of Chicago, et | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's motion for summary judgment on Counts I, II, and IV is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 09 2001 date docketed | |
| | Notified counsel by telephone. | | | 24 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docket deputy initials | |
| | Copy to judge/magistrate judge. | | FEB 12 2001 date mailed notice | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SANTIAGO VILA MARQUES,

        Plaintiff,

v.

FEDERAL RESERVE BANK OF
CHICAGO, UNKNOWN SHAREHOLDERS
OF THE FEDERAL RESERVE BANK OF
CHICAGO, and the FEDERAL
DEPOSIT INSURANCE COMPANY,

        Defendants.

Case No. 00 C 5646

Judge Harry D. Leinenweber



FILED
FEB - 9 2001
Judge Harry D. Leinenweber
U.S. District Court

DOCKETED
FEB 09 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff Santiago Vila Marques ("Marques") brings this action against the Federal Reserve Bank of Chicago (the "Federal Reserve"), Unknown Shareholders of the Federal Reserve Bank of Chicago, and the Federal Deposit Insurance Corporation seeking to redeem 250 purported Federal Reserve bearer bonds each with a face value of $100 million together with interest per year since the alleged issuance year of 1934. On November 13, 2000, the Federal Reserve Bank filed a motion pursuant to FED. R. CIV. P. 12(b)(6) to dismiss Counts I, II, and IV or in the alternative to treat the motion as one for summary judgment under Rule 12(c). Also, on November 13, 2000, Marques filed a notice of voluntary dismissal pursuant to FED. R. CIV. P. 41(a)(1), which the Court denied because the Federal Reserve's motion to dismiss or in the alternative for

- 1 -

24

summary judgment was filed on the same day. *See* FED. R. CIV. P. 41(a)(1). Before the Court is the Federal Reserve's motion for summary judgment on Counts I, II, and IV.

## BACKGROUND

Plaintiff Marques, a citizen of Spain, brought this action to redeem "Federal Reserve Bearer Bonds" with a face value of $25 billion plus interest at 4 percent per annum commencing in 1934. Marques claims that in 1934 the United States was operating on the "gold standard" and that the Federal Reserve acquired 1,665 metric tons of gold. Marques claims that the Federal Reserve issued 250 Federal Reserve bearer bonds in $100 million denominations each in payment for the gold for a total value of $25 billion. Marques further claims that the Federal Reserve prepared and issued Gold Bullion Certificates, Federal Reserve Guarantee Certificates, Insurance Certificates, Certificates of Global Immunity, Treasury Certificates, and numerous other documents to facilitate redemption of the bearer bonds. Marques also claims that he has asked the Federal Reserve to verify the authenticity of the bearer bonds and other documents, but that the Federal Reserve has claimed that it is "unable to verify" the authenticity of the documents.

## DISCUSSION

In the Federal Reserve's motion, it argued that Marques: (1) failed to state a claim for payment on alleged United States

government instruments; (2) failed to state a claim for unjust enrichment; and (3) did not and cannot establish a genuine issue as to any material fact in this case. After this court instructed the parties that it was going to rule on the summary judgment motion, Marques responded to the motion by arguing only that the Federal Reserve failed to comply with Local Rule 56.1 by failing to file a statement of material facts.

District courts retain discretion with respect to the enforcement of local rules. *See Dade v. Sherwin-Williams, Co.*, 128 F.3d 435, 440 (7th Cir. 1997); *Harmon v. Oki Sys.*, 115 F.3d 477, 480 (7th Cir. 1997). The "decision whether to apply [Local Rule 56.1] strictly or to overlook any transgression is one left to the district court's discretion." *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995). A party's failure to submit a timely filing, however, does not automatically result in summary judgment for the opposing party. *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994). During a status hearing the Court informed Marques that it was treating this motion as one for summary judgment. Therefore, Marques has had proper notice and a chance to respond to the motion for summary judgment, but failed to offer a substantive response. Where the party opposing summary judgment fails to respond to a summary judgment motion, Rule 56(e) permits judgment for the moving party only if appropriate, meaning that the motion for summary judgment must demonstrate that there is

no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Johnson*, 35 F.3d at 1112.

Summary judgment shall be granted if the pleadings along with the supporting documents "show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as matter of law." FED. R. CIV. P. 56(c). In determining whether a genuine issue of material fact exists, a trial court must view the record and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Renovitch v. Kaufman*, 905 F.2d 1040, 1044 (7th Cir. 1990). However, a party opposing a properly supported motion for summary judgment cannot rest upon mere allegations or denials, but must present affirmative evidence in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

In Counts I of his complaint, Marques seeks to collect monies allegedly due on bearer bonds from the Federal Reserve in the amount of $25 billion plus interest, and in Count IV Marques alleges that the Federal Reserve has not honored its guarantee on the bonds. To claim the alleged government bonds properly, Marques must comply with 31 CRF 306.25(b) which states the following: "[i]f a bearer security . . . is presented and surrendered for redemption after it has become overdue, the Secretary of the Treasury will ordinarily require satisfactory proof of ownership." A security "shall be considered to be overdue after the lapse of

the following periods of time from its fact maturity: . . . Six months for securities issued for a term of more than 7 years." 31 CRF 305.25(b). Assuming the validity of the bonds, Marques' claim fails. The alleged bonds have interest coupons that indicate that the bonds matured in the mid 1960's. Marques has not demonstrated proof of ownership of the bonds or that he has complied with 31 CRF 305.25. *See Kennedy v. United States*, 19 Cl. Ct. 69 (Cl. Ct. 1989)(there is no duty to make payments to the holder of overdue bearer securities unless holder perfects the title of the securities.)

Furthermore, Marques failed to respond to or dispute any of the affidavits that the Federal Reserve submitted with its motion. Willam G. Curtin, a financial specialist at the Treasury Department, Bureau of the Public Debt, attested, among other things, that the Treasury Department has no record that it issued any of the documents in question in this case and that the Treasury has never issued any Federal Reserve bearer bonds of any kind. He also asserted that the United States Treasury did not issue any securities in 1934 in any denomination more than $1 million and that the Treasury Seal used on the purported documents was not even in use until 1968. (Exh. H.) The Federal Reserve also submitted an affidavit from Mark Taylor, the Manager of Accounting at the Federal Reserve Bank of Chicago, who reviewed the Federal Reserve's records and attested that there is no record of the issuance or the

existence of these bonds whatsoever. (Exh. I.) Marques has failed to deny these statements and has failed to submit any admissible evidence that would allow a reasonable jury to find otherwise. Therefore, the Federal Reserve's motion for summary judgment on Counts I and IV is granted.

In Count II of his complaint, Marques alleges that the Federal Reserve's refusal to redeem the bonds coupled with its retention of the gold constitutes an unjust enrichment to his detriment. The Federal Reserve moves for summary judgment on two grounds: (1) that a claim for unjust enrichment cannot lie where the plaintiff alleges that a specific agreement exists that governs the payment rights between the parties; and (2) Marques cannot demonstrate that the Federal Reserve wrongfully retained any benefit that rightly belonged to him.

Unjust enrichment is a quasi-contractual theory of recovery, and a plaintiff may not state a claim for unjust enrichment when a contract governs the relationship between the parties. *First Commodity Traders, Inc. v. Heinold*, 766 F.2d 1007, 1011 (7th Cir. 1985). Even if the Court assumes the validity of the bearer bonds here, a claim for the redemption of a bond is based on principles of contract law. Further, Marques has failed to submit any evidence that would allow a reasonable jury to find that the Federal Reserve retained a benefit that rightly belonged to him. It is well-settled that a party opposing a motion for summary

judgment cannot rest upon mere allegations or denials but must present affirmative evidence in order to defeat the motion. *Anderson*, 477 U.S. at 256-57. Therefore, the Court grants the Federal Reserve's motion for summary judgment on Count II.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment on Counts I, II, and IV is granted.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: February 9, 2001